# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VICTOR A. PARSONS, | ) |
| Plaintiff, | ) CIV 11-00075 PHX NVW MEA |
| v. | ) REPORT AND RECOMMENDATION |
| CHARLES L. RYAN, RONOLFO MACABUHAY, TERRY ALLRED, BRUCE McMORRON, IHS DR. ROE, DR. ADU-TUT, | ) |
| Defendants. | ) |

**TO THE HONORABLE NEIL V. WAKE:**

Before the Court is Plaintiff's motion (Doc. 21) for leave to amend his complaint. This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

**Procedural background**

Plaintiff, who is confined in the Arizona State Prison Complex in Buckeye, Arizona, filed a prisoner civil rights complaint on January 10, 2011, alleging Defendants violated his constitutional rights while incarcerated. Plaintiff asserts Defendants failed to provide adequate medical care to Plaintiff, in violation of his Eighth Amendment rights. The complaint alleges two counts for relief and seeks injunctive relief and compensatory and punitive damages. Plaintiff simultaneously filed a motion seeking preliminary injunctive relief, i.e., immediate and specific medical treatment.

In Count I of the complaint Plaintiff alleges the denial of a liver biopsy and interferon treatment for Hepatitis C violated his Eighth Amendment rights to be free of cruel and unusual punishment, i.e., that Defendants had acted with deliberate indifference to Plaintiff's serious medical needs.

In Count II of the complaint Plaintiff alleges he has suffered from abdominal pain, diarrhea, nausea, vomiting, and other symptoms caused by the bacterium H. pylori. Plaintiff alleged he suffered from January 2010 through November 2010 without being treated and that, since November 2010, his symptoms have escalated in severity. The motion for injunctive relief alleges Plaintiff did not receive the entire course of medication prescribed to treat this condition.

In a decision issued January 27, 2011, the Court concluded Plaintiff's medical treatment for Hepatitis C since 2006 indicated Defendants had provided care consistent with the "standard medical practice for persons with the type, grade, and

stage of HCV that Plaintiff has." Doc. 7. Accordingly, the Court concluded Plaintiff had failed to state a claim that the treatment given for Plaintiff's Hepatitis C was deliberate indifference to Plaintiff's serious medical needs. However, the Court determined Plaintiff had sufficiently stated a claim against Defendant Macabuhay and Defendant McMorran "based upon [Plaintiff's] abdominal condition", and ordered Defendants Macabuhay and McMorran to answer Count II of the complaint.

As outlined in the original complaint, the basis for Defendants Ryan, Allred, Roe, and Adu-Tutu's liability was their supervisory capacity with regard to inmates' medical treatment for Hepatitis C or their denial of Plaintiff's grievances and grievance appeals with regard to his medical treatment. In the original screening order the Court noted that section 1983 liability could not be predicated on the principle of respondeat superior or the bald allegation that a defendant denied an inmate relief in an administrative grievance. Accordingly, the Court also dismissed these Defendants from the suit in the service order.

On February 7, 2011, Plaintiff filed a motion to amend his complaint and lodged a proposed amended complaint. See Doc. 9. The Magistrate Judge denied the motion to amend without prejudice on February 16, 2011. See Doc. 10. Plaintiff returned service packets for Defendant Macabuhay and Defendant McMorran to the Court. Service was executed on Defendants, who answered the complaint on April 25, 2011. See Doc. 15.

On April 26, 2011, Defendants filed a motion seeking to dismiss the remaining count of the complaint for Plaintiff's

failure to exhaust his administrative remedies with regard to this claim prior to filing suit. A scheduling order was issued April 27, 2011, requiring that any amendment to the complaint be filed by June 3, 2011, and that discovery in this matter be completed by October 28, 2011. See Doc. 18. On April 28, 2011, Plaintiff was ordered to file a response to the motion to dismiss on or before May 28, 2011. See Doc. 19. Plaintiff filed a response to the motion to dismiss on May 18, 2011. See Doc. 20. No reply to the response was filed and the motion to dismiss is pending.

On May 19, 2011, Plaintiff filed a motion seeking to amend his complaint. See Doc. 21. Defendants responded to the motion to amend, see Doc. 22, and simultaneously filed a motion asking the Court to screen the lodged amended complaint prior to requiring Defendants to answer the complaint. See Doc. 23.

Plaintiff seeks to amend his complaint to "allege further facts to restore count one; add defendants." Doc. 21 at 1. Citing to a 1991 case from the Second Circuit Court of Appeals and an unpublished opinion from the District of Arizona, Plaintiff contends that he is allowed to amend his complaint "once without leave of the court and if the plaintiff is alleging a civil rights violation."[1] Id. at 2-3.

---

[1] Prior to 2009, Rule 15(a), Federal Rules of Civil Procedure, allowed a plaintiff to amend their complaint once as a matter of course at any time prior to the service of a "responsive pleading." The rule now provides that a plaintiff may amend their complaint once without leave of the Court "within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

-4-

Plaintiff argues that respondeat superior liability is available as a theory of relief because "In this case, the level of liability and involvement of the defendants (Hep C. Committee Member)... are not predicated on merely a denial of grievances, but allegations that were encompassed and the substance of the plaintiffs inherent grievance-deliberate indifference to a serious medical need." Id. at 3-4. In the lodged Amended Complaint Plaintiff contends Defendants Ryan, Macabuhay, Allred, McMorran, Abu-Tutu, Dr. Roe, and Taylor, "played an active role in denying me access and appropriate medical care and being deliberately different (sic) to may serious medical needs of treatment for Hep C. and H-pylori." Id., Attach. at 2A. Plaintiff alleges "plaintiffs (sic) have not adhered to their own disease control and treatment policies ... Have failed to accurately monitor my progressing disease with inadequate testing that does not gauge the diseases (sic) aggressiveness, failing to provide a community standard of care and withholding necessary treatment my condition calls for..." Id., Attach. at 4.

With regard to Defendants who are named as defendants in Count I of the lodged Amended Complaint pursuant to their respondeat superior liability, Plaintiff argues that these Defendants'

> deliberate indifference to my Hep C [is demonstrated] by knowingly adhering to inadequate Hep C. monitoring practices that do not adequately monitor progressing Hep C, failing to conduct further detailed testing when chemical markers of liver damage has been present and ongoing then acting contrary to outlined D.O. medical guidelines; and knowingly denying me medical treatment Hep C

-5-

> calls for when the initial diagnostising
> (sic) doctor recommended treatment.

Id. at 6.

With regard to personal liability for violation of Plaintiff's Eighth Amendment rights, Plaintiff alleges that after he was transferred to his current housing assignment in June 2007, he met with Defendant Macabuhay and expressed concern about fatigue and mental fog. Plaintiff conveyed to Defendant Macabuhay his worries that Hepatitis C was more aggressive in some people and his concern that the tests offered by the prison inmate medical system did not reveal liver damage caused by Hepatitis C until it was too late to effectively treat the condition. Plaintiff alleges that, at that time, he had flu-like symptoms and liver pains and that he requested Defendant Macabuhay perform a liver biopsy, which request was denied. Plaintiff argues that Defendant Macabuhay's deliberate indifference to his serious medical condition is exhibited by Defendant's failure to order a liver biopsy at that time.

In the lodged Amended Complaint Plaintiff alleges he met with Terry Allred in early 2009, and that at that time Plaintiff expressed his concern about having Hepatitis C and not being adequately treated for this disease while incarcerated. Plaintiff states he noted for Terry Allred that his last lab tests in 2005 of 2006, which showed no serious liver disease or damage at that time despite his testing positive for Hepatitis C, were too far in the past to be valid. Plaintiff asserts he appealed Mr. Allred's denial of Plaintiff's requests for further liver tests to Charles Ryan, who took eight months to respond

and said he felt no treatment was required. Plaintiff asserts that Mr. Ryan is "not a medical professional".

Plaintiff notes that he was scheduled for liver-function tests in January of 2011 but does not indicate if he did receive those tests or what those tests indicated with regard to the status of Plaintiff's Hepatitis C and whether or how far the disease has progressed or Plaintiff's current liver function.

**Analysis**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. See 28 U.S.C. § 1915A(a) (2003 & Supp. 2010). The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1), requires dismissal of allegations that fail to state a claim upon which relief can be granted. See, e.g., O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008); Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 § 1915A(b)(1) & (2) (2006 & Supp. 2010).[2]

---

[2] In most civil actions, the submission and filing of a complaint are simultaneous events. That is not the case when a prisoner submits a complaint with an application to proceed in forma pauperis, where there is normally a gap in time between the submission of the complaint and its filing. Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006). After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and requests for leave are generally granted with 'extreme liberality.'" Moss v. United States Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009), quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). However, granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001) (internal quotations omitted).

Futility of amendment is sufficient to justify denial of a motion for leave to amend. See Gordon v. City of Oakland, 627 F.3d 1092, 1094-95 (9th Cir. 2010). A claim in a proposed amended complaint is futile if it would be immediately "subject to dismissal" pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted, accepting all of the facts alleged as true. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296-98 (9th Cir. 1998); Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003). The Ninth Circuit Court of Appeals recently stated that "the

---

> it contains cognizable claims. If not, the district court must dismiss the complaint. Id.; see also 28 U.S.C. § 1915A. In practice... [t]he complaint is filed only after the district court identifies cognizable claims. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004).

O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).

'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" Nordyke v. King, ___ F.3d ___, 2011 WL 1632063, at *18 n.12, quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The Seventh Circuit Court of Appeals has concluded that "leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate." Owens v. Hinsley, 635 F.3d 950, 956 (2011).[3]

To state a claim for relief pursuant to section 1983, a plaintiff must allege that: (1) the named defendant deprived him of a right, privilege or immunity guaranteed by the United States Constitution or federal law; and (2) the defendant acted under the color of state law. See, e.g., Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court must construe *pro se* filings liberally. See, e.g., Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

---

[3]
Even if Owens made progress in curing the deficiencies in the three claims that were dismissed without prejudice at screening, he also tried to evade the § 1915A ruling by pressing forward with the claims that were dismissed for failure to state a claim. And this action could not have been inadvertent; Owens expanded the two claims to four times their original length. The magistrate judge was not obligated to reward intransigence; these claims are frivolous and again would have faced immediate dismissal. We have held that leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate.
Owens v. Hinsley, 635 F.3d 950, 956 (7th Cir. 2011).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See, e.g., Cook v. Brewer, 637 F.3d 1002, 1006 (9th Cir. 2011), quoting Ashcroft v. Iqbal, 129 U.S. 1937, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65. Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, vague or sweeping conclusory allegations will not suffice to state a claim for relief. See, e.g., Cook, 637 F.3d at 1007; Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Ergo, a plaintiff's recitation of particular words in allegations in an attempt to bring his claim within the rubric of a constitutional violation should not be sufficient to allow the claim to survive screening. The Court may not supply essential elements of the claim that were not pled by invoking the "liberal construction" doctrine. See Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992); Ivey, 673 F.2d at 268. Compare Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011).

To state a section 1983 claim for violation of the Eighth Amendment regarding their medical treatment, a plaintiff

must show that the defendant acted with deliberate indifference to serious medical needs. E.g., Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480 (1993); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. See Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment. Id.[4]

Notably, however, a claim of negligence, even gross negligence constituting medical malpractice, is not equivalent to a claim of deliberate indifference. See, e.g., Toguchi, 391 F.3d at 1060-61. Because negligence does not constitute deliberate indifference rising to the level of a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, to be actionable a defendant's behavior must be willful. See, e.g., id. at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); Taylor v. Adams, 221

---

[4]
We have found "deliberate indifference" in a variety of circumstances, including where a prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.
Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

-11-

F.3d 1254, 1258 (11th Cir. 2000). Additionally, the federal courts have repeatedly held that a delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference because this indifference is not "substantial". See, e.g., Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).[5] The Ninth Circuit Court of Appeals has repeatedly stated that if an inmate's allegation of deliberate indifference is based on prison officials' choices among alternative courses of medical treatment for a serious condition, when the inmate believes another course of treatment is warranted, then the inmate has not stated a claim for violation of the Eighth Amendment. See, e.g., Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

To the extent Plaintiff asserts that the Arizona Department of Corrections' protocol for the treatment of inmates with Hepatitis C violates Plaintiff's constitutional right to be free of cruel and unusual punishment, for a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be "closely related

---

[5]
> In determining whether a delay in treatment rises to the level of deliberate indifference ... relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert, 510 F.3d at 1327.
> Therefore, "[u]ltimately, there are ... four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Id.

Alexander v. City of Muscle Shoals, Ala., 766 F. Supp. 2d 1214, 1238 (N.D. Ala. 2011).

to the ultimate injury." Gibson v. County of Washoe, 290 F.3d 1175, 1196 (9th Cir. Cir. 2002). In order to state a claim that the Arizona Department of Corrections' Hepatitis C protocol was the moving force behind a violation of his constitutional rights, Plaintiff must plausibly allege that he has actually been harmed by the policy itself and that the harm was caused by an inherent flaw in the policy, i.e., something other than professionally-informed discretion. See Long v. County of Los Angeles, 442 F.3d 1178, 1189-90 (9th Cir. 2006). In a decision issued by the Seventh Circuit Court of Appeals, the court held that even if a group of prisoners had proven that an institution's protocol for the diagnosis and treatment of Hepatitis C fell below constitutionally acceptable standards of medical care for inmates, a particular prisoner inmate was not entitled to relief because that prisoner had not demonstrated personal injury or causation. See Roe v. Elyea, 631 F.3d 843 (7th Cir. 2011). See also McKenna v. Wright, 386 F.3d 432, 437 (2d Cir. 2004).

Plaintiff has not plausibly alleged that any defendant named in the lodged Amended Complaint was willfully blind to a serious risk of harm to Plaintiff with regard to his diagnosis of Hepatitis C. Plaintiff does not allege that Mr. Allred or Mr. Ryan were informed by Defendant Macabuhay, or any other medical professional, that not performing a liver biopsy on Plaintiff at that time would be harmful to Plaintiff.

The federal courts have found that deliberate indifference was shown, with regard to a plaintiff's Hepatitis C treatment, if the defendant delayed testing or treatment with

the specific knowledge that such delay would actually cause harm and where the delay was caused by other than medical reasons, such as retaliation or an improper classification of inmates pursuant to a faulty policy. See Elyea, 631 F.3d at 863 ("Although administrative convenience and cost may be, in appropriate circumstances, permissible factors for correctional systems to consider in making treatment decisions, the Constitution is violated when they are considered to the exclusion of reasonable medical judgment about inmate health"); Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005); McKenna, 386 F.3d at 437; Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992) (holding that acts by non-medical prison officials that prevent access to treatment recommended or prescribed by medical personnel may constitute deliberate indifference).

The claim that Defendant Macabuhay should have ordered different tests or treatment for Plaintiff's Hepatitis C and that Terry Allred or Charles Ryan should have trumped Defendant Macabuhay's decision in this regard based on Plaintiff's concerns that his disease might be progressing fast enough to warrant more imminent testing, or a liver biopsy as compared to a fibroid test, simply represents a disagreement over the course of treatment afforded to Plaintiff. Plaintiff has not provided any facts which could support an allegation that the treatment or tests he sought were denied for a non-medical reason, therefore his claim sounds solely in negligence and cannot be pursued under section 1983.

The lodged Amended Complaint asserts that Plaintiff should have received more aggressive treatment than what Defendants administered and that the protocol established by Defendants for allocating Hepatitis C treatment is not sufficiently aggressive with regard to inmates who are in the early stages of this disease; this is an allegation of a difference of medical opinion that does not give rise to an Eighth Amendment violation. Absent a plausible allegation that Mr. Allred and Mr. Ryan knew medical personnel were mistreating or not treating Plaintiff's Hepatitis C, the named non-medical defendants cannot be charged with the scienter of deliberate indifference. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion (Doc. 21) for leave to amend his complaint to add the claims and defendants in Count I of the lodged Amended Complaint be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a

response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 14th day of July, 2011.

_____
Mark E. Aspey
United States Magistrate Judge